**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JORGE VALDETANO JACINTO,

        *Petitioner,*

        v.

LUIS SOTO, *et al.*,

        *Respondents.*

Civil Action No. 26-cv-02619

**ORDER**

August 5, 2026

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Jorge Valdetano Jacinto ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention (ECF No. 1); and

**WHEREAS**, Petitioner alleges that he is a native and citizen of Mexico who first entered the United States in December 2009, was returned to Mexico, reentered the United States in February 2010, and has remained continuously present in the United States since that time (*id.* ¶ 20); and

**WHEREAS**, Petitioner alleges that he is married to a United States citizen, resides in New Jersey with his spouse and their six-year-old United States citizen child, and has established substantial family and community ties in the United States (*id.* ¶¶ 1, 21); and

**WHEREAS**, Petitioner alleges that he has an approved Form I-130 immigrant petition filed by his United States citizen spouse and is pursuing lawful immigration status through that petition (*id.* ¶¶ 1, 22); and

**WHEREAS**, Petitioner alleges that, on or about March 6, 2026, he voluntarily appeared

for a scheduled Form I-130 interview at the United States Citizenship and Immigration Services Newark Field Office, after which Immigration and Customs Enforcement officers detained him without prior notice and transferred him to the Delaney Hall Detention Facility in Newark, New Jersey (*id.* ¶¶ 2, 23); and

**WHEREAS**, Petitioner alleges that he intends to seek cancellation of removal through counsel during his removal proceedings (*id.* ¶ 24); and

**WHEREAS**, Petitioner alleges that he poses neither a danger to the community nor a flight risk because of his longstanding residence in New Jersey, stable employment, family ties, and voluntary appearance for his scheduled USCIS interview (*id.* ¶¶ 25, 27); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1) and resolves this matter on statutory grounds; and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, ____ F. Supp. 3d _____, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel*, 2025 WL 3218243

(ECF No. 11-1) (collecting cases); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

**IT IS,** on this 5ᵗʰ day of August 2026,

**ORDERED** that the Court's Text Order dated March 15, 2026 (ECF No. 4), directing Respondents to release Petitioner within twenty-four (24) hours, is hereby incorporated into this Order; and the Court notes that Respondents have complied with that directive by releasing Petitioner (ECF No. 6); and it is further

**ORDERED** that, absent material change in circumstances, Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**Hon. Karen M. Williams**
**United States District Judge**

4